## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

**TASOS MUNROE**                                    **CASE NO.  6:21-CV-02534**

**VERSUS**                                              **JUDGE JAMES D. CAIN, JR.**

**AMERICAN SECURITY INSURANCE CO**   **MAGISTRATE JUDGE PATRICK J. HANNA**

### MEMORANDUM RULING

Before the Court is a "Motion for Summary Judgment" (Doc. 7) filed by Defendant American Security Insurance Company ("American Security") wherein American Security moves to dismiss this lawsuit because the Plaintiff, Tasos Munroe, is not an insured, an additional insured under the lender policy, or a third-party beneficiary. As of this date, Plaintiff has not filed a response/opposition to the motion and the time for doing so has lapsed.

### FACTUAL STATEMENT

On or about October 9, 2020, the subject property was damaged as a result of Hurricane Delta.  The property is insured under a lender-placed policy, and Nationstar Mortgage LLC ("Nationstar") is the named insured. Under the Loss Payment clause of the Residential Dwelling Certificate ("the Policy"), American Security is contractually required to pay all loss to the named insured lender—Nationstar.

### SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment

as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

American Security maintains that because Mr. Munroe is not an insured or an additional insured under the Policy, nor is he a third-party beneficiary of the policy, he has no legally cognizable claim to enforce the policy of insurance against American Security.

To have standing to enforce an insurance policy, the plaintiff must be: (1) a named insured; (2) an additional named insured; or (3) an intended third-party beneficiary of the policy. *Barbe v. Freedom Loan Servicing, LLC*, 383 F.Supp.3d 634, 641 (E.D. La. 2019) citing *Brown v. Am. Modern Home Ins. Co.*, 2017 WL 2290268, at *4 (E.D. La. May 25, 2017); *Lee v. Safeco Ins. Co. of Am.*, 2008 WL 2622997, at *2 (E.D. La. July 2, 2008).

Under Louisiana law, a third-party beneficiary must be created by contract; such a contract is referred to as a stipulation *pour autrui. Joseph v. Hospital Service District No. 2 of the Parish of St. Mary*, 939 So.2d 1206, 1212 (La. 10/15/06). A stipulation *pour autrui* is never presumed.  Instead, the party claiming the benefit must show that such a stipulation in their favor exists. To do so, the claimant must show that (1) the contract in question "manifests a clear intention" to confer a benefit on them, (2) there is certainty as to the benefit owed, and (3) the benefit in question is not a "mere incident of the contract." *Joseph*, 939 So.2d at 1212-1214; *Cresswellon v. Safeco Ins. Co. of Am.*, 2007 WL 1244268, at *5 (E.D. La. Jan. 26, 2007). Moreover, the contract itself [Policy] must confer a specific "direct benefit" in favor of the third party. *Joseph*, 939 So.2d at 1214 ("Simply stated, in the absence of a direct benefit conferred by the contract, the doctors cannot be third party beneficiaries. . .")

In the context of lender-placed insurance, non-insured homeowners are only entitled to sue when under the circumstances of their claim, some of the policy benefits would be directly payable to them. *Williams v. Certain Underwriters at Lloyd's of London*, 398 Fed. Appx. 44 (5th Cir. 2010) (homeowner was not a third-party beneficiary of lender-placed policy where all policy benefits were payable to the lender); *compare Lee v. Safeco Ins. Co. of America,* 2008 WL 2622997 (E.D. La. July 2, 2008) (homeowner qualified as a third-party beneficiary where homeowner could potentially recover, as direct payee, amounts in excess of the lender's interest) and *D'Juve v. Am. Modern Home Ins. Co.*, 2015 WL 1650259, at *2 (E.D. La. Apr. 14, 2015) (same as *Lee* in that plaintiff might have qualified as a third-party beneficiary under the policy language; however, the losses that she claimed did not exceed the lender's interest). *See also Brown, supra* at *5, discussion of American Modern policy (same as *D'Juve*).

The policy declaration's page identifies Tasos Munroe as the "Borrower."[1] The Policy expressly states that all policy benefits are payable to the named insured lender, Nationstar:

> 12.   Loss payment.
>
>    a.   [American Security] will initiate loss adjust of a claim with [Nationstar]
>
>                    ***
>    b.   [American Security] will make written offer to [Nationstar] to settle a claim within 30 days after receipt of satisfactory proof of loss of that claim.

---

[1] Defendant's exhibit A, p. 6.

> c. Loss will be made payable to the named insured [Nationstar]. No coverage will be available to any mortgagee other than that shown as the named insured on the Declarations.  The undisputed portion of the loss will be payable within 30 days after [American Security] receive[s] [Nationstar's] proof of loss.[2]

The Policy clearly identifies American Security as the named insured.  Therefore, there is no genuine issue of material fact for trial because the parties did not confer any "direct benefit" to Mr. Monroe under the express language of the Policy. Furthermore, Mr. Munroe is not a third-party beneficiary of the Policy.

<u>**CONCLUSION**</u>

For the reasons set forth herein, the Motion for Summary Judgment will be granted, dismissing this lawsuit with prejudice.

**THUS DONE AND SIGNED** in Chambers on this 10th day of February, 2022.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[2] *Id.* p. 21 Louisiana Replacement Cost Endorsement 1.